**SING YU LAM, aka Xing Yu Lin, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–3972–ag.**

United States Court of Appeals, Second Circuit.

Oct. 2, 2008.

Glenn Martin Miller, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

***SUMMARY ORDER***

Petitioner Sing Yu Lam, a native and citizen of the People's Republic of China,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Acting Attorney General Peter D. Keisler as the respondent in this case.

seeks review of the September 17, 2007 order of the BIA denying his motion to reopen. *In re Sing Yu Lam,* No. A29 761 558 (B.I.A. Sept. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the BIA's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ We find that the BIA did not abuse its discretion in denying Lam's motion to reopen as untimely. As the BIA noted, its prior decision was issued in December 2004, but Lam did not file his motion to reopen until November 2006, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, we cannot say the BIA erred in finding that Lam's motion did not qualify for such an exception. Indeed, it is well-settled that the birth of U.S. citizen children is not

evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen). Furthermore, we cannot deem erroneous the BI's finding that Lam failed to submit any evidence demonstrating changed country conditions in China. 8 C.F.R. § 1003.2(c)(3)(ii). Thus, because evidence supported the BIA's finding that Lam failed to demonstrate changed country conditions in China, the BIA did not abuse its discretion in denying his motion to reopen as untimely.

■ Finally, Lam's due process and ineffective assistance of counsel claims with regard to his *in absentia* order of deportation are not properly before us. Lam failed to file a timely petition for review of the BIA's December 2004 order considering and rejecting said claims. *See Ke Zhen Zhao,* 265 F.3d at 89–90.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).